COMMONWEALTH *vs.* STEPHEN I. COHEN.

No. 01-P-106.

Norfolk. May 9, 2002. - June 28, 2002.

Present: GREENBERG, BECK, & GRASSO, JJ.

*Assault and Battery. Practice, Criminal,* Instructions to jury. *Evidence,* Consciousness of guilt.

Evidence at a criminal trial establishing that the defendant had intentionally spat on the victim without her consent, and that she found it offensive, was sufficient for the jury to find the defendant guilty of assault and battery pursuant to G. L. c. 265, § 13A. [358-360]

At a criminal trial, the judge did not err in instructing the jury that for purposes of G. L. c. 265, § 13A, "spitting at a person could constitute a touching if saliva or spit actually came in contact with a person," where the instruction did not decide disputed facts, or otherwise invade the jury's fact-finding province [360]; further, the evidence warranted the judge's instructions to the jury on consciousness of guilt [360].

COMPLAINT received and sworn to in the Brookline Division of the District Court Department on July 14, 1999.

On transfer to the jury session of the Dedham Division, the case was tried before *Thomas A. Connors,* J.

*Janine T. Bandino* for the defendant.

*Michael J. Markoff,* Special Assistant District Attorney, for the Commonwealth.

GRASSO, J. A District Court jury found the defendant guilty of assault and battery for intentionally spitting on a young woman with whom he had a disagreement outside a convenience store. See G. L. c. 265, § 13A. On appeal, the defendant contends that spitting on another, intentionally and without consent, does not amount to a prohibited touching under the statute. To the contrary, we conclude that such conduct does constitute an assault and battery.

We rehearse the familiar principles:

"Assault and battery is a common law crime now set forth in G. L. c. 265, § 13A. An assault is an offer or attempt to do a battery. See *Commonwealth* v. *Shaffer*, 367 Mass. 508, 515 (1975). Every battery includes an assault. *Commonwealth* v. *Stratton*, 114 Mass. 303 (1873). Hence we need only consider the elements of criminal battery.

"The law of criminal battery protects society's interest in ensuring that its members are free from harmful and offensive touchings. Because there are harmful batteries and offensive batteries, there is a bifurcation in the law of battery. . . . In short, a physically harmful touching is so regardless of consent. But an offensive touching is so only because of lack of consent. . . . A consensual, offensive touching is a contradiction in terms. Hence consent is always at issue, and evidence thereof is material, when the alleged battery is not of the physically harmful type."

*Commonwealth* v. *Burke*, 390 Mass. 480, 482-483 (1983).

Here, the Commonwealth needed to prove that, without justification or excuse, and without consent, the defendant intentionally committed a touching, however slight, that was offensive to the victim. See *id.* at 481; *Commonwealth* v. *Pease*, 49 Mass. App. Ct. 539, 543 (2000). The Commonwealth presented sufficient evidence to establish that the defendant had intentionally spat on the victim without her consent, and that she found it offensive.

The defendant contends, correctly, that there is no Massachusetts appellate decision holding that such conduct constitutes a prohibited touching. The absence of such a decision speaks to the self-evident nature of the conclusion. "The offensive touching may be direct, as by striking another, or it may be indirect, as by setting in motion some force or instrumentality with the intent to cause injury." *Commonwealth* v. *Dixon*, 34 Mass. App. Ct. 653, 654 (1993). "The affront to the victim's personal integrity is what makes the touching offensive." *Commonwealth* v. *Burke*, 390 Mass. at 483. It cannot be gainsaid that intentionally spitting on someone is an indirect touching that is repulsive, physically offensive, and violates the victim's personal integrity. We are in accord with other jurisdictions holding that an intentional and unconsented

spitting on another constitutes a criminal battery. See, e.g., *United States* v. *Frizzi,* 491 F.2d 1231, 1232 (1st Cir. 1974); *Jackson* v. *State,* 226 Ga. App. 256 (1997); *People* v. *Peck,* 260 Ill. App. 3d 812, 814-815 (1994); *State* v. *Sampsel,* 268 Kan. 264, 268 (2000).

With respect to the defendant's other claimed errors, the judge did not err in instructing the jury that "spitting at a person could constitute a touching if saliva or spit actually came in contact with a person." This instruction did not decide disputed facts, or otherwise invade the jury's fact-finding province. Together with the judge's other instructions, this amounted to no more than a correct statement of law: upon proof that the defendant had intentionally, and without consent, spat upon the young woman, the Commonwealth would have established an intentional assault and battery under the statute. See *Commonwealth* v. *Chotain,* 31 Mass. App. Ct. 336, 339 (1991) (judge may properly instruct jury as to what verdict is appropriate in the event certain facts are found).

Neither did the judge err in instructing on consciousness of guilt, over the defendant's objection. There was evidence that after the incident, a bystander (who happened to be an off-duty police officer) approached the victim and inquired as to what had occurred. At this juncture, the defendant left the scene post haste, initially driving his motor vehicle backwards, without headlights (the incident occurred at night), and at a speed "faster than anybody ordinarily would back a car up." Such evidence was sufficient to warrant a consciousness of guilt instruction. There is no requirement that the defendant leave immediately, see *Commonwealth* v. *Geagan,* 339 Mass. 487, 511-512, cert. denied, 361 U.S. 895 (1959), or be aware that he is being sought by the police, see *Commonwealth* v. *Toney,* 385 Mass. 575, 583 (1982), for such an instruction to be appropriate.

*Judgment affirmed.*