ROBERT G. O'LEARY *vs.* THE EDUCATION RESOURCES INSTITUTE, INC., & another.[1] May 25, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Judgment,* Default. *Practice, Civil,* Default, Stay of proceedings, Contempt, Attorney's fees, Costs.

Robert G. O'Leary appeals from the denial by a single justice of this court of his petition pursuant to G. L. c. 211, § 3, which sought review of a series of orders by a District Court judge in a supplementary process action. We affirm.

---

[1]The Springfield Division of the District Court Department of the Trial Court.

*Background.* In 1998, The Education Resources Institute, Inc. (TERI), obtained a default judgment in the Pittsfield Division of the District Court Department against O'Leary based on his alleged nonpayment of two law school loans owned by TERI.[2] When O'Leary failed to pay the default judgment, TERI instituted a supplementary process action against him in the Springfield Division of the District Court Department. A judge of that court ordered O'Leary to pay TERI $300 per month and allowed TERI's motion for sanctions against O'Leary in the amount of $1,500.

During the course of the supplementary process action, O'Leary filed numerous pleadings in different courts either to stay the action or to challenge the underlying default judgment. He was successful once: a Superior Court judge allowed his motion to stay execution of the default judgment for a period of sixty days.

Approximately one month after the stay issued, O'Leary filed a motion in the supplementary process action to vacate or modify the order requiring him to pay TERI $300 a month. In response, TERI filed a motion for contempt, which included a request for attorney's fees. The judge allowed the motion, ordered that O'Leary be held under contempt, and awarded TERI attorney's fees in the amount of $3,443.48. The order setting the amount of attorney's fees did not state how the judge calculated that amount, which was significantly less than TERI had requested.[3]

O'Leary then filed a petition in the county court pursuant to G. L. c. 211, § 3, requesting review of the contempt order and the allowance of TERI's request for attorney's fees and costs, as well as review of the order requiring O'Leary to make monthly payments to TERI and imposing sanctions on him. Essentially, O'Leary made three arguments. First, he maintained that the judge should not have issued the contempt order or awarded attorney's fees when the stay issued by the Superior Court was in place. Second, he claimed that the award of attorney's fees was improper because it included fees and costs incurred during other proceedings in other courts. Third, he contended that the order requiring monthly payments and imposing sanctions was "excessive" and "contrary to law." A single justice of this court denied the petition without a hearing. O'Leary filed a timely notice of appeal.

*Discussion.* As O'Leary acknowledges, supplementary process orders are unappealable. See G. L. c. 224, § 18 ("There shall be no appeal from any judgment, order or sentence under the provisions of this chapter . . ."). See also *Marram* v. *Fourth Dist. Court of E. Middlesex,* 353 Mass. 770, 770 (1968), citing G. L. c. 224, § 18 (Superior Court correctly denied relief in nature of certiorari where underlying decision of District Court in supplementary process action could not be appealed). In *Hurley* v. *Superior Court Dep't of the Trial Court,* 424 Mass. 1008, 1009 (1997), this court stated, "Rarely should we employ our superintendence power to review rul-

---

[2]O'Leary filed a motion to vacate the default judgment in the District Court, which was denied. He then challenged that denial in a petition filed in the county court in 2000 pursuant to G. L. c. 211, § 3, which was also denied.

[3]TERI requested attorney's fees in the amount of $8,793.48, which it claimed represented the time and money its attorneys spent on the matter in various courts since O'Leary's original motion to vacate the default judgment was denied. Based on the specific descriptions in TERI's supporting affidavit of the work performed, the judge's order appears to exclude fees and costs incurred in other proceedings.

ings in matters in which the Legislature has expressly stated that the decision of another court or judge 'shall be final.' " See *Pandey* v. *Ware Div. of the Dist. Court Dep't,* 412 Mass. 1002, 1003 (1992) (relief pursuant to G. L. c. 211, § 3, from judgments entered in small claims proceeding properly denied where petitioners waived right to appeal by pursuing small claims procedure).

O'Leary had an opportunity to challenge the underlying default judgment, which he did by filing a motion to vacate or modify the judgment. He failed to appeal from the denial of that motion in the appropriate manner. TERI, therefore, appropriately pursued payment of the judgment in the supplementary process action.[4] Given the extended history of this case — O'Leary seems to have used every possible opportunity to delay or avoid the inevitable — we see no reason to disturb the orders of the judge in this action, particularly in light of the Legislature's apparent decision to curtail this type of conduct by making those orders unappealable. Therefore, we affirm the judgment of the single justice.

In addition, TERI is entitled to reasonable appellate attorney's fees and costs. See Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). TERI, therefore, may submit to the clerk of this court materials detailing and supporting the attorney's fees and costs sought within fourteen days of the date of the rescript. O'Leary will have thirty days to respond, then this court will issue an appropriate order. See *Fabre* v. *Walton, ante* 9, 10-11 (2004).

*So ordered.*

*Jocelyn Thomsen* for The Education Resources Institute, Inc.
*Robert G. O'Leary,* pro se, submitted a brief.


---

[4]The record does not include a complete copy of O'Leary's motion to stay filed in the Superior Court. Therefore, the basis for the allowance of the stay is unclear. Even if TERI violated the stay by seeking a contempt order against O'Leary in District Court (as well as fees and costs), O'Leary could have returned to the Superior Court and filed a complaint for civil contempt. See Mass. R. Civ. P. 65.3, as appearing in 386 Mass. 1244 (1982). Instead, he filed a motion in the Superior Court for sanctions against TERI pursuant to Mass. R. Civ. P. 11 (a), 365 Mass. 753 (1974), which was denied.

