## ROBERT G. O'LEARY *vs.* THE EDUCATION RESOURCES INSTITUTE, INC.

No. 03-P-1022.

Hampden. June 4, 2004. - August 18, 2004.

Present: GRASSO, COWIN, & KAFKER, JJ.

*Practice, Civil,* Relief from judgment, Attorney's fees, Costs, Frivolous action. *Judgment,* Relief from judgment.

A single justice of the Appeals Court did not err in concluding that an attorney representing himself in a civil action in Superior Court was "represented by counsel" within the meaning of G. L. c. 231, § 6F, and was thus subject to that statute's provisions regarding the award of attorney's fees and costs against "any party who was represented by counsel during most or all of the proceeding"; further, the attorney failed to demonstrate that the amount of attorney's fees and costs awarded was exorbitant. [655-656]

CIVIL ACTION commenced in the Superior Court Department on February 11, 2002.

A motion for summary judgment was heard by *C. Brian McDonald,* J.

A proceeding for interlocutory review was heard in the Appeals Court by *Mason,* J.

*Robert G. O'Leary,* pro se.

*Ann Marie Dirsa* for the defendant.

GRASSO, J. Robert G. O'Leary, an attorney, appeals pro se from an order of a single justice of this court affirming the June 23, 2003, order of a Superior Court judge, allowing attorney's fees and costs to The Education Resources Institute, Inc. (TERI), pursuant to G. L. c. 231, § 6F. We affirm.

TERI is a nonprofit Massachusetts corporation that guarantees, pursuant to the Private Law Access Supplemental Loan Program, private educational loans made by private lending

institutions. In 1993, O'Leary defaulted on two promissory notes for educational loans he had received. Pursuant to its guaranty, TERI paid the lender the full balance of both notes, including accrued, past due interest. TERI had no record of any request by O'Leary for loan consolidation.

In September, 1996, TERI brought an action against O'Leary in the Pittsfield Division of the District Court Department (District Court) to collect monies due as a result of his defaulting on the promissory notes. Pursuant to Mass.R.Civ.P. 55, as amended, 423 Mass. 1402 (1996), a default judgment entered against O'Leary in February, 1998, followed by an assessment of damages, a judgment, and the issuance of an execution. Over two and one-half years later, in response to a supplementary process action brought by TERI, O'Leary filed a motion to vacate and set aside the default judgment under Mass.R.Civ.P. 60(b)(4) and (6), 365 Mass. 828 (1974). On November 7, 2000, a District Court judge denied O'Leary's motion, concluding that the default judgment was proper and valid, and that O'Leary's motion was untimely.[1] On March 8, 2001, O'Leary attempted to resurrect the substance of his motion to vacate by filing six additional motions with the District Court, each of which was denied, with the judge noting that they were "without merit" and "perilously close to being frivolous, especially since [O'Leary] is an attorney."

On February 11, 2002, O'Leary commenced this action against TERI and others in the Superior Court, alleging that they had engaged in negligent and fraudulent acts intended to mislead and deceive him regarding the repayment and consolidation of his student loans.[2] A judge of that court treated TERI's motion to dismiss the claims against it as a motion for summary judgment and allowed the motion. Further, after finding that O'Leary's action was contrary to clearly established law, see *Air Purchases, Inc.* v. *Mechanical Coordinators Corp.*, 21 Mass.

---

[1]A single justice of the Supreme Judicial Court denied O'Leary's petition for review filed pursuant to G. L. c. 211, § 3. The denial of O'Leary's petition by the single justice was affirmed on appeal. See *O'Leary* v. *The Education Resources Inst., Inc.*, 441 Mass. 1018 (2004).

[2]O'Leary's action was, in part, an independent legal action under Mass.R. Civ.P. 60(b), 365 Mass. 828 (1974), to vacate the default judgment entered by the District Court in February, 1998.

App. Ct. 632, 633 (1986), and was wholly insubstantial, frivolous, and not advanced in good faith, the judge allowed TERI's request for attorney's fees and costs under G. L. c. 231, § 6F. Following the submission of a "Certificate of Attorneys Fees," the judge concluded that TERI was reasonably entitled to recover $12,754.44. A single justice of this court affirmed the order of the Superior Court as to the allowance of fees and costs, and the present appeal ensued.

Pursuant to G. L. c. 231, § 6F, a Superior Court judge may award attorney's fees and costs upon a finding "that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party *who was represented by counsel* during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith" (emphasis added). O'Leary maintains that there is no case authority to support the proposition that an attorney who represents himself, rather than employing independent counsel, is subject to G. L. c. 231, § 6F. "The absence of such a decision speaks to the self-evident nature of the conclusion." *Commonwealth* v. *Cohen*, 55 Mass. App. Ct. 358, 359 (2002). We agree with the single justice that because O'Leary was himself an attorney at all relevant times, he was plainly "represented by counsel" within the meaning of the statute.

O'Leary is hard pressed to deny that the "advice and participation of counsel was available to him" throughout the proceeding. See *Massachusetts Adventura Travel, Inc.* v. *Mason*, 27 Mass. App. Ct. 293, 299 (1989). Indeed, it cannot be gainsaid that an attorney who represents himself has experience, training, knowledge of relevant circumstances, and access to the advice of counsel far beyond that of a lay person. The fact that O'Leary chose to represent himself, as he was qualified to do given his legal education and training, rather than retain independent counsel, does not nullify his status as a lawyer advocating his own interests. See, e.g., G. L. c. 221, § 38 (oath of office for lawyer); Mass.R.Prof.C. 3.1, 426 Mass. 1381 (1998) (lawyer should only file meritorious claims and contentions). While the wisdom of such self-representation is an altogether different

matter, it does not alter our conclusion that O'Leary's conduct fell within the purview of G. L. c. 231, § 6F.[3]

O'Leary also has argued that the amount of attorney's fees and costs awarded to TERI was exorbitant. However, he has failed to rebut the affidavit submitted by TERI documenting its fees and costs incurred from April, 2002, through March, 2003, in defending itself against O'Leary's cause of action, and has failed to demonstrate that the amount was unreasonable in the circumstances of this case. We discern no error of law or abuse of discretion in the single justice's conclusion that TERI was entitled to recover such reasonable attorney's fees and costs where the motion judge properly determined that O'Leary's claims against TERI were wholly insubstantial, frivolous, and not advanced in good faith. See *Masterpiece Kitchen & Bath, Inc.* v. *Gordon*, 425 Mass. 325, 330 (1997); *Pirie* v. *First Congregational Church*, 43 Mass. App. Ct. 908, 909, 911 (1997).[4]

*Order of single justice affirmed.*

---

[3]O'Leary's unexplained and unsupported statement that he was denied due process and equal protection of the laws in violation of the Federal Constitution and the Massachusetts Declaration of Rights does not constitute argument as contemplated by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *McCone* v. *New England Tel. & Tel. Co.*, 393 Mass. 231, 236 (1984). Therefore, we decline to consider it. See *Yankee Microwave, Inc.* v. *Petricca Communications Sys., Inc.*, 53 Mass. App. Ct. 497, 524 (2002), and cases cited.

[4]TERI's motion for double costs of the appeal is denied.