United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 06-40812

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

SABINO JAVIER MARTINEZ, also known as Wilfredo Ayguasbiba

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(05-CR-1059)

Before KING, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The only significant issue presented in this case is whether the district court erred by enhancing the defendant's sentence by 16 levels for crimes of violence under U.S. Sentencing Guideline 2L1.2 based upon his prior convictions for kidnaping and rape in Massachusetts. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Without a written plea agreement, Martinez pleaded guilty to Count I of an indictment charging him with attempting to illegally enter the United States after having been deported and after having been convicted of an aggravated felony. The district court accepted the probation officer's recommendation to impose a 16 level increase for prior convictions of crimes of violence under USSG 2L.1 based on his 1998 Massachusetts convictions of rape and kidnaping. After giving Martinez a 3 level reduction for acceptance of responsibility, Martinez's total offense level was 21 and criminal history category was 5, which combined for a Guideline imprisonment range of 70 to 87 months. The court sentenced Martinez to 72 months in prison plus a three year term of supervised release.

Martinez objected to the PSR recommendation of a 16 level crime of violence enhancement. He objected "for the following reasons:

1. The offenses involved are not crimes of violence,

2. There is no judgment and conviction [as] required under Shepherd [v. U.S., 544 U.S. 13 (2005)]."[1]

The probation officer responded to the objection by asserting that both rape and kidnaping offenses are enumerated crimes of violence. The probation officer also asserted that copies of Martinez's 1998

---

[1]At sentencing counsel simply said: "In regard to my objection, first of all, it deals with the nature of the offense being a crime of violence under 2L1.2."

plea colloquy from Massachusetts revealed that Martinez was convicted of rape, kidnaping, threatening and assault and battery, all from a single episode and that these convictions resulted following a guilty plea accepted by the Massachusetts court in a single proceeding.

At sentencing, the prosecutor stated that:

> And if the court looks at all four counts committed on the same day, it indicates that this individual not only raped, kidnaped, but she [sic] also threatened and assaulted the victim because they all appear to be charging him out of the same incident. So, clearly this was a forcible rape, and clearly kidnaping is an enumerated offense.

## II.

U.S. Sentencing Guideline 2L1.2(b)(1)(a)(ii)calls for a 16 level sentence enhancement if, prior to his deportation, the defendant has been convicted of a felony that is a crime of violence, which is defined as follows: "'Crime of violence' means any of the following: . . . kidnaping . . . forcible sex offenses. . . , or any offense under federal, state or local law that has as an element the use, attempted use or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.(1)(B)(iii)).

In this case, if either prior conviction qualifies as a crime of violence either as an enumerated offense or under the residual "has as an element" clause, the sentencing enhancement was proper and Martinez's sentence can be affirmed. Martinez argues that

3

neither his conviction for rape nor his conviction for kidnaping under Massachusetts law is a qualifying "crime of violence" under either methodology. We disagree. We do not consider whether Martinez's convictions for kidnaping and rape match the enumerated offenses of a kidnaping or forcible sex offense under § 2L1.2, because we conclude that the rape conviction has "as an element, the use, attempted use, or threatened use of physical force against the person of another" as is required by the catch-all prong of the crime of violence definition.

"'When determining whether a prior offense is a crime of violence because it has as an element the use, attempted use, or threatened use of force, district courts must employ the categorical approach established in <u>Taylor v. United States</u>, 495 U.S. 575, 602 . . . (1990).'" <u>United States v. Hernandez-Rodriguez</u>, 467 F.3d 492, 494 (5th Cir. 2006) (citations omitted). Under this standard, the court must analyze the prior offense's statutory definition and not the defendant's underlying conduct. <u>United States v. Velasco</u>, 465 F.3d 633, 638 (5th Cir. 2006). "If any set of facts would secure a conviction under the statute without proof of the intentional use of force against the person of another, then the offense cannot be characterized as a crime of violence for sentence-enhancement purposes." <u>Id.</u> However, where a conviction can be obtained under alternative theories and proof, courts have limited authority to look outside the statute to determine which alternative was pursued by the prosecutor to obtain

4

the conviction.

> If a statute contains multiple, disjointed subsections, courts may look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which particular statutory alternative applies to the defendant's conviction. These records are generally limited to the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.

Hernandez-Rodriguez, 467 F.3d at 494 (citations and internal quotation marks omitted); see Shepard v. United States, 544 U.S. 13, 16 (2005)).

At the time of Martinez's May 5, 1998, guilty-plea conviction, Massachusetts's rape statute read in pertinent part as follows: "Whoever has sexual intercourse . . . with a person, and compels such person to submit by force and against his will, or compels such person to submit by threat of bodily injury" shall be imprisoned. MASS. GEN. LAWS ch. 265, § 22 (1997). The disjunctive Massachusetts rape statute can thus be violated in two different ways: (a) "by force and against [one's]will" or (b) "by threat of bodily injury."

Martinez relies on Massachusetts' decisions which have construed the term "force" as not necessarily referring to "physical force". See Commonwealth v. Caracciola, 569 N.E.2d 744, 776-77 (Mass. 1991). We read this caselaw as introducing another statutory alternative means by which rape may be committed under Massachusetts law. Under the force prong, the force may be physical force or constructive force.

5

In order to determine which particular statutory alternative applies to the defendant's conviction we look to the charging instruments in Martinez's prior conviction. The charging instrument for the rape states that Martinez "on January 8, 1995, [Martinez] did assault [the victim] with intent to commit rape; and did commit rape upon the said [victim]." "Assault" under Massachusetts law is "an offer or attempt to do a battery". Commonwealth v. Cohen, 771 N.E.2d 176-177 (Mass. Ct. App. 2002). Because a battery is defined as either a physically harmful touching or an offensive, non-consensual touching, an attempt to commit a battery does not necessarily require proof of the use of physical force. However as the record shows, the State of Massachusetts also charged Martinez with physically beating the victim in a separate count arising out of the rape and kidnaping. This related count states: "on January 8, 1995 [Martinez] did assault and beat one [victim]." When we read the facts alleged in the four charging instruments asserting the facts surrounding the rape, it is apparent that the state charged that the rape was forcible, in that the defendant used physical force to subdue the victim. When considered in this light, we have no difficulty in concluding that the rape charged in this case has as an element the use, attempted use or threatened use of physical force. The district court therefore did not err in imposing the 16 level crime of violence enhancement.

III.

6

Martinez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Martinez's argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), in which the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. This issue is foreclosed.

AFFIRMED.