*Rodriguez v. Garland*

BIA
Mulligan, IJ
A040 074 654

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty-four.

PRESENT:
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

———————————————————————

VICTOR NICOLAS RODRIGUEZ,
> *Petitioner*,

v.                                                    **21-6410**
                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————

FOR PETITIONER:                Alina Das, Esq.; Olivia Abrecht, Jessica
                               Coffrin-St. Julien, Legal Interns, Immigrant

Rights Clinic, Washington Square Legal Services, New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Stefanie A. Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Victor Nicolas Rodriguez, a native and citizen of the Dominican Republic, seeks review of a July 7, 2021, decision of the BIA affirming a December 11, 2018, decision of an Immigration Judge ("IJ") denying his motion to terminate removal proceedings and his applications for a waiver under former § 212(c) of the Immigration and Nationality Act ("INA") and relief under the Convention Against Torture ("CAT"). *In re Victor Nicolas Rodriguez*, No. A040 074 654 (B.I.A. July 7, 2021), *aff'g* No. A040 074 654 (Immigr. Ct. N.Y.C. Dec. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d

2

520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Where, as here, the petitioner was ordered removed for an aggravated felony, our jurisdiction to review the final order of removal is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). Whether a conviction is an aggravated felony and whether a rule is impermissibly applied retroactively, as Rodriguez argues here, are questions of law that we review de novo. *See Hylton v. Sessions*, 897 F.3d 57, 60 (2d Cir. 2018); *Domond v. U.S. INS*, 244 F.3d 81, 84 (2d Cir. 2001). We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005). We review factual findings underlying the denial of CAT relief for substantial evidence and questions of law de novo. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021).

## A. Removability

As an initial matter, the BIA did not affirm the IJ's finding that Rodriguez was bound by his former counsel's concession of removability and thus that finding is not before us. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for [the BIA] decision."), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411

3

(2023); *Xue Hong Yang*, 426 F.3d at 522.

A non-citizen who has been convicted of an aggravated felony is removable. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). An aggravated felony includes a "crime of violence," which the INA defines with reference to 18 U.S.C. § 16. 8 U.S.C. § 1101(a)(43)(F). Section 16(a) defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). In *Johnson v. United States*, the Supreme Court interpreted a provision of the Armed Career Criminal Act ("ACCA") that contains nearly identical language to § 16(a),[*] concluding that, in the context of defining a "'*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010); *see Stuckey v. United States*, 878 F.3d 62, 68 n.9 (2d Cir. 2017) ("[T]he identical language of the elements clauses of 18 U.S.C. § 16(a) and § 924(e)(2)(B)(i) means that cases interpreting the clause in one statute are highly persuasive in interpreting the other statute.").

"We employ a 'categorical approach' to determine whether a state criminal

---

[*] The ACCA, 18 U.S.C. § 924(e)(2)(B)(i), defines "violent felony" as any felony that "has an element the use, attempted use, or threatened use of physical force against the person of another."

4

conviction constitutes an aggravated felony." *Flores v. Holder*, 779 F.3d 159, 165 (2d Cir. 2015). Under this approach, "[a] state offense categorically matches with a generic federal definition of a corresponding aggravated felony 'only if a conviction of the state offense necessarily involved facts equating to the generic federal offense.'" *Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)). "Accordingly, only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant, and the factual aspects of a defendant's situation are immaterial." *Dos Santos v. Gonzales*, 440 F.3d 81, 84 (2d Cir. 2006) (quotation marks omitted).

If a statute of conviction is divisible by "list[ing] elements in the alternative, and . . . creat[ing] a separate crime associated with each alternative element," *Harbin*, 860 F.3d at 64, we apply a "modified categorical approach," looking to the record of conviction to determine only the subsection that formed the basis for the conviction, *Mathis v. United States*, 579 U.S. 500, 505–06 (2016). "The court can then do what the categorical approach demands: compare the elements of the crime of conviction . . . with the elements of the generic crime." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

At the time of Rodriguez's conviction, as now, the Massachusetts statute he

5

was convicted under provides:

> Whoever, being armed with a dangerous weapon, assaults another with intent to rob or murder shall be punished by imprisonment in the state prison for not more than twenty years. Whoever, being armed with a firearm, shotgun, rifle, machine gun or assault weapon assaults another with intent to rob or murder shall be punished by imprisonment in state prison for not less than five years and not more than 20 years.

Mass. Gen. Laws ch. 265 § 18(b). The statute is divisible because it sets out two alternative elements of an offense—"intent to rob or intent to murder." *Id.*; *see Descamps*, 570 U.S. at 257 (A "divisible statute . . . sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile."). Massachusetts case law supports this conclusion, providing that "[t]he elements of armed assault with intent to murder are that the defendant committed an assault, that he was armed with a dangerous weapon, and that he had the specific intent of murdering the victim in assaulting him." *Commonwealth v. Buttimer*, 128 N.E.3d 74, 90–91 (Mass. 2019) (quotation marks omitted); *cf. Commonwealth v. Rivera*, 833 N.E.2d 1113, 1122 n.15 (Mass. 2005) ("The elements of armed assault with intent to rob are that the defendant, armed with a dangerous weapon, assaults a person with a specific or actual intent to rob the person assaulted."). Rodriguez's record of conviction shows that he was

convicted of three counts of armed assault with intent to murder under chapter 265 section 18(b).

The First Circuit has held that a conviction for armed assault with intent to murder under Massachusetts General Laws chapter 265 section 18(b) is categorically a "violent felony" under the ACCA. *See United States v. Edwards*, 857 F.3d 420, 424–27 (1st Cir. 2017). The First Circuit explained that "[a]ccording to Massachusetts's highest court—the Supreme Judicial Court—armed assault with an intent to murder requires proof of assault (while armed with a dangerous weapon) and a specific intent to kill that equates with malice, with malice (in this context) meaning a lack of justification, excuse, or mitigation." *Id.* at 423 (quoting *Commonwealth v. Vick*, 910 N.E.2d 339, 350 (Mass. 2009)). The First Circuit continued that "[t]he bottom line is . . . that the intent-to-murder element makes it implausible that a defendant could be convicted under this statute based on an offensive-touching approach." *Id.* at 425. We agree with the First Circuit's reasoning.

Rodriguez argues that the element of "intent to . . . murder" does not transform his statute of conviction into a crime of violence when none of the other elements involve violent force. He correctly contends that the first element of

7

assault does not require violent force because, under Massachusetts law, simple assault requires only offensive touching, which does not satisfy the violent force requirement. *See Edwards*, 857 F.3d at 424 (noting that spitting on someone or tickling them can constitute assault in Massachusetts (citing *Commonwealth v. Cohen*, 771 N.E.2d 176, 178 (Mass. App. Ct. 2002) and *Commonwealth v. Hartnett*, 892 N.E.2d 805, 814 (Mass. App. Ct. 2008)); *see also Johnson*, 559 U.S. at 139–43 (distinguishing offensive touching generally punishable as a misdemeanor from the physical force necessary to qualify as a violent felony). Rodriguez also notes that the statute under which he was convicted requires "being armed" with a dangerous weapon, but not that the weapon be used. Mass. Gen. Laws Ch. 265 § 18(b); *see also Vick*, 910 N.E.2d at 353 ("[A]rmed assault with intent to murder does not require proof that the assault was committed by use of the weapon, whereas assault and battery by means of a dangerous weapon causing serious bodily injury does.").

However, Rodriguez's statute of conviction also requires evidence of an "intent to . . . murder," Mass. Gen. Laws Ch. 265 § 18(b), which inherently requires evidence of the threat of violent force. *See Edwards*, 857 F.3d at 425 ("[T]he intent-to-murder element makes it implausible that a defendant could be convicted

8

under this statute based on an offensive-touching approach."); *see also Singh v. Barr*, 939 F.3d 457, 462 (2d Cir. 2019) (stating that "deadly weapon[s] or dangerous instrument[s] . . . when used with intent to cause physical injury, inherently carry the risk of causing serious physical injury").  Accordingly, we hold that Rodriguez's conviction for armed assault with intent to murder under Massachusetts state law constitutes an aggravated felony crime of violence.

## B.  Waiver Under Former INA § 212(c) and Motion to Remand

Rodriguez is not eligible for a waiver of deportability under former INA § 212(c) because he was convicted of an aggravated felony in March 1997 and placed in removal proceedings after April 24, 1996.  *See Matter of Abdelghany*, 26 I. & N. Dec. 254, 272 (B.I.A. 2014) ("If an otherwise qualifying lawful permanent resident is removable or deportable by virtue of a plea or conviction entered between April 24, 1996, and April 1, 1997, he or she is eligible to apply for section 212(c) relief in removal or deportation proceedings *unless* . . . [t]he applicant's proceedings commenced on or after April 24, 1996, and the conviction renders the applicant deportable [for an aggravated felony]."); *see also Centurion v. Holder*, 755 F.3d 115, 121–22 (2d Cir. 2014) ("It is well-settled in this Circuit that the application of [the statutory amendments that went into effect on April 24, 1996] to an alien

whose offense conduct preceded . . . [that] date is not impermissibly retroactive if the effective date preceded the conviction.").

Rodriguez argues that the aggravated felony bar to § 212(c) relief should not apply to cases, like his, where a lawful permanent resident rejected a plea offer that would have preserved eligibility for § 212(c) before a later guilty plea rendered him not eligible. He advanced this argument and submitted evidence of a rejected 1995 plea offer for the first time in his motion to remand filed while his appeal was pending with the BIA.

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen," and may be denied if the movant does not provide "material, previously unavailable evidence." *Li Yong Cao*, 421 F.3d at 156. The BIA did not abuse its discretion in denying Rodriguez's motion to remand because his evidence of a 1995 plea offer was neither material, nor previously unavailable. *See id*.

The evidence of the 1995 plea offer was not material because, regardless of that offer, he nonetheless pled guilty and was convicted of an aggravated felony after the April 24, 1996, amendments that rendered him ineligible for § 212(c) relief. *See Centurion*, 755 F.3d at 123 ("[T]he critical inquiry is whether the new law

10

attaches new legal consequences to an alien's conviction."); *see Domond*, 244 F.3d at 84 ("It would border on the absurd to argue that these aliens might have decided not to commit drug crimes, or might have resisted conviction more vigorously, had they known that if they were not only imprisoned but also, when their prison term ended, ordered deported, they could not ask for a discretionary waiver of deportation." (quotation marks omitted)). Second, the 1995 plea offer was for 15 to 20 years in prison, which if he served more than 5 years of that sentence would have rendered him ineligible for § 212(c) under the law in place in 1995. *See Matter of Abdelghany*, 26 I. & N. Dec. at 272 (providing that an applicant is not eligible for § 212(c) relief if he serves "an aggregate term of imprisonment of at least 5 years as a result of one or more aggravated felony convictions entered between November 29, 1990, and April 24, 1996.").

Alternatively, the BIA reasonably found evidence of the 1995 plea offer to be previously available. Rodriguez argued that the evidence should be treated as previously unavailable because his former counsel was ineffective for failing to obtain it but, as the BIA found, counsel was not ineffective for failing to obtain immaterial evidence and Rodriguez had not satisfied the procedural requirements for raising an ineffective assistance of counsel claim by filing a disciplinary

11

complaint against counsel. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) ("To prevail on a claim of ineffective assistance, [a movant] must show that . . . competent counsel would have acted otherwise . . . ." (quotation marks and citations omitted)); *Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 47 (2d Cir. 2005) ("[A]n alien who has failed to comply substantially with the [procedural] requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court.").

Accordingly, because Rodriguez failed to show that the evidence of a 1995 plea offer was material and previously unavailable, the BIA did not abuse its discretion in denying the motion to remand. *See Li Yong Cao*, 421 F.3d at 156.

## C. CAT Relief

"Analysis of a CAT claim boils down to a two-step inquiry." *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022). The applicant must first show a likelihood that he will be tortured, *see id.*, which means "greater than a fifty percent chance . . . that he will be tortured," *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003). The applicant must next show that the torture will be by or with the acquiescence of a government official. *See Garcia-Aranda*, 53 F.4th at 759;

12

*Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

In assessing whether Rodriguez established a likelihood of torture, the IJ reasonably found that his fear of torture in the Dominican Republic was speculative because he had not seen the individuals that he fears in more than two decades and he did not know their current whereabouts. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."); *Mu-Xing Wang*, 320 F.3d at 144 n.20. Contrary to his contention, the agency did not ignore his expert's report. "We presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 338 (2d Cir. 2006). The expert's conclusion that Rodriguez would be at great risk for violent retribution in the Dominican Republic was based entirely on Rodriguez's representation that the individuals he fears are very dangerous and vengeful and a statement from a Dominican official that contract killings in the country are often a result of conflicts over drugs or money that began in the United States. But the expert did not acknowledge or address the time that had passed since the conflict or the fact that Rodriguez lacked evidence of the whereabouts of the people he feared. Therefore, the report was

13

not material, and the record does not compel the conclusion that this evidence was ignored. *See id.*

Because the agency's likelihood finding was dispositive of CAT relief, we do not reach the agency's alternative finding that he failed to establish the requisite government acquiescence. *See Garcia-Aranda*, 53 F.4th at 758–59; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

14