## COMMONWEALTH vs. HENRY KENDALL.

Under an indictment against a man for an assault by taking indecent liberties with the person of a woman, evidence of her general bad reputation for chastity is, upon the question of consent, admissible in defence.

INDICTMENT alleging that the defendant did assault and "indecently strike, push and handle" a woman.

At the trial in the Superior Court, before *Devens*, J., the defendant, for the purpose of showing that his acts were with the consent of the woman, offered evidence, which was admitted, of former familiarities between her and himself. He then offered to impeach her character for chastity by general evidence of her reputation in that respect. This was excluded; and, after a verdict of guilty, he alleged exceptions.

*J. Brown*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. In cases of rape, and of assaults with intent to commit rape, evidence of the bad character of the prosecutrix for chastity is admissible. *Rex* v. *Clarke*, 2 Stark. 241. *Rex* v. *Barker*, 3 C. & P. 589. 1 Russell on Crimes, 689. The reasons for the admission of evidence of this character apply with equal force to cases of assault, where the assault consists in taking indecent liberties with the person of a female. In such cases, where one of the controverted issues is as to the consent of the prosecutrix, we think the evidence is competent. The fact, if proved, that she is of unchaste character affords some presumption that she consented to the indecent acts, and might reasonably aid the jury in weighing her testimony and deciding this issue.

In the case at bar, as we understand the bill of exceptions, the assault by the defendant consisted in taking indecent and lascivious liberties with the person of the woman named. For the purpose of showing that the acts of the defendant were with the consent of the woman, the learned judge who presided at the trial admitted evidence of former familiarities between her and the defendant.

A majority of the court is of opinion that the evidence offered by the defendant to impeach her character for chastity was competent upon the same issue, and that the judge erred in rejecting it.

*Exceptions sustained.*