COMMONWEALTH vs. DANIEL E. BURKE.

Middlesex.   September 16, 1983. — November 22, 1983.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Assault and Battery.   Consent.   Indecent Assault and Battery.*

Lack of consent must be shown for conviction under G. L. c. 265, § 13B, of indecent assault and battery on a child under the age of fourteen, unless there is such violence as would be likely to result in bodily harm. [484-487]

Whether a child under the age of fourteen has the capacity to consent to sexual touching, short of sexual intercourse or attempted sexual intercourse, is an issue of fact, not of law. [487]

COMPLAINT received and sworn to in the Third Eastern Middlesex Division of the District Court Department on March 15, 1982.

On appeal to the jury session of that court, questions of law were reported to the Appeals Court by *Murphy*, J. The Supreme Judicial Court granted a request for direct review.

*Jonathan Shapiro* (*Anne B. Goldstein* with him) for the defendant.

*Pamela L. Hunt*, Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.   The defendant is charged with committing an indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B.   After a finding of guilty in a jury-waived trial, the defendant appealed to a jury of six session of the District Court for a trial de novo.   See G. L. c. 278, § 18.   Prior to trial to a jury of six, the Commonwealth filed a motion to exclude evidence of consent on the

part of the victim.[1]  The judge of the District Court found
that the case presented novel questions of law regarding the
materiality of evidence of consent in a prosecution under
G. L. c. 265, § 13B, and reported four questions to the Ap-
peals Court.  We allowed the defendant's application for
direct appellate review.

The reported questions are as follows:  "(1) Is lack of con-
sent an element of the offense of indecent assault and bat-
tery on a child under the age of fourteen years proscribed by
M.G.L. c. 265, Sec. 13B, as [appearing in] St. 1980, c. 459,
Sec. 4?  (2) Is consent a defense to the offense of indecent
assault and battery on a child under the age of fourteen
years proscribed by M.G.L. c. 265, Sec. 13B, as [appearing
in] St. 1980, c. 459, Sec. 4?  (3) If questions one and two are
answered 'No' and there being a question in the case as to
whether or not physical contact or touching was indecent, is
lack of consent an element of the lesser-included offense of
assault and battery proscribed by M.G.L. c. 265, Sec. 13A?
(4) If questions one, two and three are answered 'No' and
there being a question in the case as to whether or not any
physical contact or touching was indecent, is consent a de-
fense to the lesser-included offense of assault and battery
proscribed by M.G.L. c. 265, Sec. 13A?"

Our analysis demonstrates, by recourse to the common
law, that a physically harmful touching is a battery, and
consent is immaterial.  However, a nonharmful touching is
a battery only if there is no consent.  In a prosecution for
nonharmful battery, lack of consent is an element of the
Commonwealth's case, and the Commonwealth bears the
burdens of production and persuasion.  Because the statute
at issue established the crime of indecent "assault and bat-
tery" on a child under the age of fourteen, we presume that
the Legislature intended to incorporate the common law def-

---

[1] In *Commonwealth* v. *Hood*, 389 Mass. 581, 595 n.5 (1983), this court
urged restraint in the use of motions in limine, while indorsing, once more,
conferences between judge and counsel during trial and before introduction
of matter of doubtful admissibility.  The pretrial motion here, however,
clearly served a useful purpose.

inition of assault and battery. It follows that lack of consent is an element of the crime of indecent assault and battery, and the Commonwealth has the burdens of production and persuasion, unless this conclusion is precluded by the application of an "age of consent." We have never established a common law age of consent for assault and battery, and we decline to do so now. Nor do we conclude that an age of consent was established by the language of the statute which created the crime of indecent assault and battery on a child under fourteen. The capacity to consent to sexual touching, short of intercourse or attempted intercourse, is an issue of fact, and nonconsent is an element of the crime.

*Assault and Battery.*

Because our discussion of ordinary assault and battery lays the groundwork for our analysis of indecent assault and battery, we begin by addressing the issues raised by questions three and four. The basic problem is one of materiality of evidence; its resolution depends upon whether consent is at issue in a prosecution for assault and battery. The subsidiary problem is one of burden of proof, that is, assuming that consent is at issue, whether lack of consent is an element of the offense or consent is a defense thereto.

Assault and battery is a common law crime now set forth in G. L. c. 265, § 13A. An assault is an offer or attempt to do a battery. See *Commonwealth* v. *Shaffer,* 367 Mass. 508, 515 (1975). Every battery includes an assault. *Commonwealth* v. *Stratton,* 114 Mass. 303 (1873). Hence we need only consider the elements of criminal battery.

The law of criminal battery protects society's interest in ensuring that its members are free from harmful and offensive touchings. Because there are harmful batteries and offensive batteries, there is a bifurcation in the law of battery. Any touching "with such violence that bodily harm is likely to result" is a battery, and consent thereto is immaterial. *Commonwealth* v. *Farrell,* 322 Mass. 606, 620 (1948). See *Commonwealth* v. *Collberg,* 119 Mass. 350 (1876). Consent is likewise immaterial to a charge of assault and battery by means of a dangerous weapon, which necessarily entails

a risk of bodily harm. *Commonwealth* v. *Appleby,* 380 Mass. 296, 308-311 (1980). See *Commonwealth* v. *Pierce,* 138 Mass. 165, 180 (1884). In short, a physically harmful touching is so regardless of consent. But an offensive touching is so only because of lack of consent. The affront to the victim's personal integrity is what makes the touching offensive. Cf. *Harnish* v. *Children's Hosp. Medical Center,* 387 Mass. 152, 154 (1982), quoting *Pratt* v. *Davis,* 118 Ill. App. 161, 166 (1905), aff'd, 224 Ill. 300 (1906). A consensual, offensive touching is a contradiction in terms. Hence consent is always at issue, and evidence thereof is material, when the alleged battery is not of the physically harmful type.

We turn now to the question whether nonconsent is an element of the offense of assault and battery or consent is a defense thereto. An element is a fact that must be proved by the prosecution in order to sustain a conviction, that is, a fact of which the Commonwealth has both the burden of producing some evidence and the burden of persuading the trier of fact beyond a reasonable doubt. See *Commonwealth* v. *Jones,* 372 Mass. 403 (1977). To ascertain the elements of a crime we ordinarily look to the statutory language. See, e.g., *First Nat'l Bank* v. *Attorney Gen.,* 371 Mass. 773, 794-795 (1977), rev'd, 435 U.S. 765 (1978). See also *Patterson* v. *New York,* 432 U.S. 197, 205-206 (1977). But G. L. c. 265, § 13A, does not define assault and battery; it merely specifies penalties. Hence we must decide the question as a matter of common law. *Commonwealth* v. *Slaney,* 345 Mass. 135, 138 (1962).

As we have stated above, it is the *nonconsensual* imposition upon one's person that makes a touching offensive and it is the offensiveness that makes the touching a battery. We hold that, in a prosecution for nonharmful battery, lack of consent is an element of the Commonwealth's case. Cf. *Commonwealth* v. *Chretien,* 383 Mass. 123, 125 (1981) (nonconsent is an element of rape). Stated another way, in any prosecution for battery the Commonwealth must prove one of the following: (1) that the touching was physically harmful; (2) that the touching was potentially physically

harmful; or (3) that the touching was nonconsensual. Thus, on the issue of consent to a nonharmful touching, the Commonwealth bears the burdens of production and persuasion.

In order to give consent a person must, obviously, have the capacity to do so. Thus, the Commonwealth can meet its burden of production, on the issue of consent, by introducing evidence of the alleged victim's lack of capacity to consent. The age of a very young victim of an alleged battery is such evidence. But we decline to establish an "age of consent" below which a child is to be considered incapable of consent as a matter of law.[2]

*Indecent Assault and Battery on a Child.*

We turn now to the interpretation of G. L. c. 265, § 13B,[3] and the chief question presented by this case: Is nonconsent an element of indecent assault and battery on a child under the age of fourteen?[4] As we have seen, no age of consent to assault and battery has been established at common law.[5] By using the phrase "assault and battery," without defining it, the Legislature presumably intended to incorporate the common law definition of the crime, at least in so far as it is not inconsistent with the terms or the purpose of the statute.

---

[2] *Commonwealth* v. *Nickerson,* 5 Allen 518 (1862), can be read to suggest that there is an age of consent for assault and battery, and that that age is at least nine years. Any such suggestion is dictum, and we reject it.

[3] General Laws c. 265, § 13B, as appearing in St. 1980, c. 459, § 4, provides in pertinent part: "Whoever commits an indecent assault and battery on a child under the age of fourteen shall be punished by imprisonment in the state prison for not more than ten years, or by imprisonment in a jail or house of correction for not more than two and one-half years; and whoever commits a second or subsequent such offense shall be punished by imprisonment in the state prison for life or any term of years."

[4] Nonconsent is an element of the crime of indecent assault and battery on a person who has attained the age of fourteen, G. L. c. 265, § 13H. See *Commonwealth* v. *Kendall,* 113 Mass. 210 (1873).

[5] There was no distinct crime of indecent assault and battery at common law; the indecency was a matter of aggravation. *Commonwealth* v. *McCan,* 277 Mass. 199, 200 (1931). Hence there is no common law age of consent to indecent assault and battery.

*Commonwealth* v. *Slaney, supra* at 138. *Commonwealth* v. *Webster,* 5 Cush. 295, 303 (1850). Thus, it can be fairly argued that the Legislature intended that nonconsent be an element of the crime of indecent assault and battery on a child under fourteen, and that no age of consent be established.

The Commonwealth argues that, by designating the age of fourteen in § 13B, the Legislature intended to establish an age of consent similar to the age of sixteen for intercourse. See G. L. c. 265, § 23. If the Legislature intended to do so, then, of course, nonconsent is not an element of the crime. Section 23, the statutory rape statute, does not mention "consent" yet it has been construed as establishing an age of consent. See *Commonwealth* v. *Gallant,* 373 Mass. 577, 581-585 (1977). The Commonwealth argues that § 13B should be similarly construed. But § 23 does not use the common law term "rape"; it prohibits certain acts of "sexual intercourse." Section 13B, however, uses the common law term "battery." If the Legislature had intended to eliminate the element of nonconsent by establishing an age of consent, it could have prohibited "indecent touchings."

In *Commonwealth* v. *Roosnell,* 143 Mass. 32 (1886), this court concluded that the Legislature had used a common law term and yet had not intended to incorporate the elements of the common law crime. *Roosnell* involved the assault with intent to rape statute, the predecessor of G. L. c. 265, §§ 24, 24B. The defendant had attempted unsuccessfully to have consensual sexual intercourse with girls below the age of consent, then ten years. We concluded that, because the statute clearly was intended to apply to statutory rape as well as to forcible rape, and because there could be no assault, in the common law sense, with intent to have consensual intercourse with an underage girl, the Legislature had not intended to incorporate the element of nonconsent into the statute as applied to attempted statutory rape.

Contrary to the Commonwealth's argument, the rationale of *Roosnell* does not control the instant case. We

find no clear indication that the Legislature intended not to incorporate the element of nonconsent in indecent assault and battery on a child. The Commonwealth argues that the Legislature must be deemed to have been aware, when it enacted § 13B, of our interpretation of the word "assault" in *Roosnell.* But the Legislature must also be deemed to have been aware of our other interpretations of the term which support the defendant's position. See, e.g., *Commonwealth* v. *Kendall,* 113 Mass. 210 (1873). "It is not to be lightly supposed that radical changes in the law were intended where not plainly expressed." *Ferullo's Case,* 331 Mass. 635, 637 (1954). Cf. *State* v. *Deveau,* 354, A.2d 389, 391 (Me. 1976) (not finding clear intent to eliminate common law element of nonconsent, court held that assault with intent to rape statute cannot be applied to consensual conduct). Criminal statutes are strictly construed. *Commonwealth* v. *Devlin,* 366 Mass. 132, 137-138 (1974). *Cleaveland* v. *Norton,* 6 Cush. 380, 383 (1850).

A contrary construction of § 13B would raise constitutional questions. The use of the word "assault" does not, by its dictionary definition or by its common law meaning, inform the citizen that consensual conduct is proscribed. See *Commonwealth* v. *Slome,* 321 Mass. 713, 715 (1947); *Commonwealth* v. *Pentz,* 247 Mass. 500, 505-506 (1924); *Coolidge* v. *Choate,* 11 Met. 79, 82 (1846). The assault with attempt to rape statute is not open to this objection, even as applied in *Roosnell,* because the conduct to which it is applied is punishable by statute or under the common law as an attempted rape. *Commonwealth* v. *Roosnell, supra* at 37. A consensual "assault" with intent to have intercourse with an underage girl is attempted statutory rape. See *State* v. *Deveau, supra* at 391; *State* v. *Pickett,* 11 Nev. 255 (1876); *Regina* v. *Martin,* 9 Car. & P. 215, 217 (1840); Beale, Consent in the Criminal Law, 8 Harv. L. Rev. 317, 323 (1895). A consensual indecent "assault" is no crime unless § 13B makes it one.

By holding that § 13B does not establish fourteen as an age of consent for indecent touching, we in effect decide

that the Legislature intended only to provide an increased penalty for a particular aggravated assault and battery. This interpretation is in harmony with other similar statutory provisions which have no purpose except to permit the imposition of a more severe sentence when an offense is committed on a child. E.g., G. L. c. 265, §§ 22A, 24B.

We decline to establish a common law age of consent for indecent assault and battery. In England there was no such age of consent until St. 43 & 44 Vict., c. 45, § 2 (1880), explicitly provided one. See *Commonwealth v. Roosnell, supra* at 41. Establishing an age of consent is a type of determination more appropriate for legislative than judicial decisionmaking. Although some courts have adopted an age of consent from statutory rape or juvenile delinquency statutes, e.g., *Taylor v. State,* 214 Md. 156 (1956); *People v. Gibson,* 232 N.Y. 458 (1922), we decline to extend such statutes by implication. See *Commonwealth v. Paccia,* 338 Mass. 4 (1958). In the absence of a legislative determination, capacity to consent to sexual touching, short of intercourse or attempted intercourse, is a question of fact and not of law. See *People v. Dong Pok Yip,* 164 Cal. 143, 146-147 (1912); *State v. Deveau, supra* at 391.

As we have stated in connection with ordinary assault and battery, the Commonwealth can establish the element of nonconsent by establishing the incapacity of the alleged victim to give consent. If the fact finder determines that the victim could not consent, then it necessarily follows that the victim did not consent. In making this determination, the age of the child is a crucial factor, but other factors, such as intelligence, maturity, and experience, may be considered. See *Sullivan v. Boston Elev. Ry.,* 192 Mass. 37, 43-44 (1906). See also cases involving the competence of young children to testify, e.g., *Malchanoff v. Truehart,* 354 Mass. 118, 120-121 (1968), and cases cited; *Commonwealth v. Marshall,* 211 Mass. 86, 90 (1912); *Commonwealth v. Ramage,* 177 Mass. 349 (1901).

In summary, we conclude that nonconsent is an element to be proved by the Commonwealth in a prosecution for in-

decent assault and battery on a child, and that fourteen is not an age of consent. Further, we decline to establish an age of consent; it is more appropriate for the Legislature to make that determination.

We answer the first question, "Yes." As to the second question, we answer that consent is a defense to a charge of indecent assault and battery in the sense that it negates an element of the Commonwealth's case; it is not an affirmative defense. By their terms, the last two questions require no answer in light of our responses to the first two. We nonetheless note that the answers to questions three and four are the same as the answers to questions one and two, respectively.

The case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*