# RESCRIPT OPINIONS.

A JUVENILE vs. COMMONWEALTH. February 7, 1989. *Assault by Means of a Dangerous Weapon. Assault and Battery.*

The sole issue before us is the correctness of the judgment of a single justice of this court denying relief to the juvenile in this proceeding under G. L. c. 211, § 3. There was no error.

The juvenile was charged with delinquency by reason of assault by means of a dangerous weapon. G. L. c. 265, § 15B(b). After a bench trial in the District Court, the judge declared that he harbored a reasonable doubt as to whether a weapon was involved in the criminal activity alleged in the complaint. He found the juvenile to be delinquent by reason of assault and battery.

The juvenile appealed to the jury-of-six session in the District Court, and there filed a motion to dismiss on the ground that he had been acquitted of the offense charged in the complaint. He argues that, because assault and battery cannot be a lesser included offense within a charge of assault by means of a dangerous weapon, the finding of delinquency was an error barring retrial for any offense. The judge allowed the motion to dismiss as to so much of the judgment of delinquency as pertained to battery. There was evidence of both assault and battery at the bench trial.

It is beyond dispute that a charge of assault and battery is not a lesser included offense within a charge of assault by means of a dangerous weapon.[1] However, the offense of assault is a lesser included offense within such a charge, and, therefore, there is nothing offensive to the principles of double jeopardy in requiring the juvenile to stand trial for the offense of delinquency by reason of assault. See *Commonwealth* v. *Fischblatt*, 4 Met. 354, 356 (1842). The judge quite properly struck as surplusage that part of the finding or judgment based on battery. See *Commonwealth* v. *Eaton*, 2 Mass. App. Ct. 113, 119 (1974).

*Judgment affirmed.*

*Willie J. Davis* for the plaintiff.

*David R. Marks*, Assistant District Attorney, for the Commonwealth.

---

[1] "An assault is an offer or attempt to do a battery." *Commonwealth* v. *Burke*, 390 Mass. 480, 482 (1983). While every battery includes an assault, *id.*, by definition, no assault includes a battery. Clearly, the crime of assault and battery requires proof of the fact of a battery; the offense of assault by means of a dangerous weapon does not. See *Cepulonis* v. *Commonwealth*, 384 Mass. 495, 500 (1981), appeal dismissed, 455 U.S. 931 (1982).