Welsh, J.
This is an appeal under Rule 8B, Dist./Mun. Cts. R. A. D. A. from an *141 order of commitment to the Bournewood Hospital pursuant to §§7 & 8 of G.L.c. 123, and an order permitting treatment of the respondent with anti-psychotic medication notwithstanding respondent’s refusal to consent to such treatment under the “substituted judgment” test. See Superintendent of Belchertown State School v. Saikewicz, 373 Mass. 728, 751-755 (1977); Rogers v. Commissioner of the Department of Public Health, 390 Mass. 487, 489-504 (1983).
The main issue presented by this appeal is whether the respondenf s status as a “conditional voluntary” patient at petitioner’s facility under G.L.c. 123, §12(c) precluded a “Rogers” determination requiring her to take anti-psychotic medication against her will.
The respondent was admitted to the Bournewood Hospital, a private psychiatric facility, on August 29,1998 pursuant to G.L.c. 123, §12. In accordance with G.L.c. 123, § 12(c) and DMH Regulations 104 CMR 27.07(1), the respondent was offered the opportunity to apply for “voluntary” admission agreeable to G.L.c. 123, §10(a). She executed the prescribed form and was admitted as a “conditional voluntary” patient. The respondent’s admission status required that she give three days notice of her intent to leave, to afford the facility an opportunity to apply for civil commitment under G.L.c. 123, §§7 & 8 if deemed appropriate. At no time did the respondent give the required notice. While respondent was a “conditional voluntary” patient at Bournewood Hospital, a petition for civil commitment was filed by the hospital, seeking an order for commitment for an initial period not more than six months. Contemporaneously, a “Rogers” petition was filed. Petitions were heard seriatim on the same date, but separately. The judge first determined that a civil commitment was appropriate. He then decided that the patient was not competent to make decisions concerning her treatment, and, applying the “substituted judgment” test, ordered that anti-psychotic medication be administered to the respondent in accordance with a court-ordered treatment plan. Rogers, supra at 505-507; see Guardianship of Roe, 383 Mass. 415, 443-448 (1981).
The three-day notice requesting the opportunity to leave the hospital is required primarily to afford the hospital or facility an opportunity to petition for civil commitment under G.L.c. 123, §§7 & 8, if deemed appropriate. If no such notice was required, as a condition to terminate a “voluntary” admission, a mentally ill patient who was in the hospital for reasons other than a court ordered committal could simply elope before steps could be taken to petition for an involuntary commitment with resulting risk of harm to the patient or the public. In the present case, the purpose of this notice requirement (i.e. to retain the patient pending filing of a petition for commitment) has been achieved, since the hospital was able to commence proceedings for involuntary commitment in spite of the absence of a notice of intent to leave.
Contrary to the implication of respondent’s argument, a person may properly be the subject of a petition for commitment under Sections 7 & 8 of G.L.c. 123, notwithstanding his or her status as a “voluntary” (or more accurately a “conditional voluntary”) patient in a facility.
Since the court first concluded that an involuntary commitment for six months was appropriate, there was no impediment to proceeding forthwith to a hearing on the issue of whether or not the patient was competent to make treatment decisions, and then, having decided she was not competent for that purpose, whether anti-psychotic medication was to be administered in accord with a court-approved treatment plan-[2]
The argument that probate guardianship might afford a remedy in cases of a *142 voluntary or conditional voluntary patient who remains at the facility without having given notice of intent to leave, does not imply that it is an exclusive remedy, notwithstanding significant procedural differences in §8B of G.Lc. 123 and guardianship of mentally ill persons in the probate court. The remedies are cumulative and not mutually exclusive.
The notice of appeal does not appear to challenge the sufficiency of evidence to warrant the findings or to question the correctness of the application of legal principles by the hearing judge.
There being no error, the appeal is dismissed.
So ordered.

 Section 8B permitting district court adjudications of competency and medical treatment expressly refers to "a patient who is the subject of a petition for commitment or an order of commitment.” (emphasis added)