Kottmyer, J.
Pursuant to G.L.c. 30A, §14, William J. Sullivan (“Sullivan”) seeks judicial review of a decision by the Massachusetts Department of State Police, Division of Administrative Services (“Massachusetts State Police”) affirming a decision by the Pembroke Police Department denying renewal of Sullivan’s firearm dealers license.[2] After hearing, based on the administrative record and oral argument, I affirm the decision of the Massachusetts State Police.
BACKGROUND
Since September 1990, Sullivan has worked as a firearms dealer and gunsmith pursuant to a license from the Commonwealth issued by the Pembroke Police Department. In November 1999, the Chief of the Pembroke Police Department refused to renew Sullivan’s license because his permanent place of business, a garage attached to his house, was not separate from his residence or dwelling as required by G.L.c. 140, §123, condition Fifteenth.[3]
Sullivan appealed the Pembroke Police Chiefs decision, and in April of 2000 a hearing was held before the Massachusetts State Police, Division of Administrative Services. On June 21,2000, the Massachusetts State Police affirmed the Pembroke Police Chiefs decision. Sullivan filed an appeal with this Court pursuant to G.L.c. 30A, §14.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating its invalidity. Merisme v. Board of Appeals of Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing an administrative agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distiller Co. v. Alcoholic Beverages Control Comm'n, 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Reg’l Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). Moreover, the court must afford the agency “considerable leeway in interpreting a statute it is charged with enforcing.” Grocery Mfrs. of America, Inc. v. Department of Pub. Health, 379 Mass. 70, 75 (1979). The court shall affirm the agency’s decision if it is supported by substantial evidence and if it is in accordance with the law. G.L.c. 30A, §§1 and 14(7)(g); Seagram Distiller Co., 401 Mass. at 721; Lapointe v. Licensing Bd. of Worcester, 389 Mass. 454, 462 (1983).
The Massachusetts Gun Control Act of 1998, St. 1998, c. 180, codified at G.L.c. 140, §122, vests local police chiefs with authority to grant or renew licenses to sell, rent or lease firearms. In addition, the police chiefs, after notice and a hearing, may forfeit or suspend a dealer’s license for a felony conviction or any other violation of the conditions of the license. G.L.c. 140, §125. Any person refused a license by a police chief may appeal to the colonel of the state police, who may direct the granting of a license if, after a hearing, he is satisfied there are no reasonable grounds for the refusal and “that the applicant was not barred by the provisions of law from holding such a license.” G.L.c. 140,§122.
Renewal of Sullivan’s firearm dealers license was denied because his place of business, namely the garage attached to his house, was a part of his residence or dwelling and was not located at a separate business address. G.L.c. 140, §123 sets forth the conditions of obtaining and maintaining a license to sell firearms. Section 123, condition Fifteenth states “[t]hat all licensees shall maintain a permanent place of business that is not a residence or dwelling wherein all transactions described in this section shall be conducted and wherein all records required to be kept under this section shall be so kept.” In addition, every license is to “specify the street and number of the building where the business is to be carried on . . .” G.L.c. 140, §122. The statute authorizes the licensing *180 authority to enter “the commercial premises” during “regular business hours” to “inspect . . . records and inventory for the purpose of enforcing the provisions of this section.” G.L.c. 140, §123.
Sullivan’s business is located in his home garage. Even though the garage has a separate entrance accessible from the outside, it is attached to Sullivan’s house and shares the same residential address. Although the legislature did not define the term “dwelling” or “residence,” when a statute is silent as to the definition of certain terms, the legislature is “presumed to have intended to incorporate the common law definition . . . ‘at least in so far as it is not inconsistent with the terms or the purpose of the statute.’ ” Commonwealth v. Ricardo, 26 Mass.App.Ct. 345, 356 (1988) (citing Commonwealth v. Burke, 390 Mass. 480, 484-85 (1983)). The common law definition of a dwelling is “the house or other structure in which a person or persons live; a residence, . . . the apartment or building, or group of buddings, occupied by a family as a place of residence.” Black’s Law Dictionary 505 (rev. 6th ed. 1990).
Read as a whole, G.L.c. 140 clearly reflects the legislature’s intent that firearm businesses be conducted in commercial settings and not in private residences. The fact that a portion of a private residence has been earmarked by its owners as “separate” and “solely for business purposes” does not satisfy the requirements of the statute. The legislature established as the First condition of obtaining a license “(t]hat the provisions in regard to the nature of the license and the building in which the business may be carried on under it shall be strictly adhered to.” G.L.c. 140, §123 (emphasis added).
Further evidence of the legislature’s intent to remove firearm dealerships from residences can be found in the effective date of G.L.c. 140, §123, condition Fifteenth. While the other provisions of the Massachusetts Gun Control Act of 1998 took effect on October 21, 1998, the effective date of G.L.c. 140, §123, condition Fifteenth, as applied to current license holders, was delayed until September 1, 1999. See St. 1998, c. 180, §78. The apparent purpose of the delay was to give current licensees who conducted business out of their residences an opportunity to move their businesses to a strictly commercial setting as required by the statute.
The decision of the Massachusetts State Police, Division of Administrative Services is in accordance with the applicable law and is supported by substantial evidence. Lapointe v. Licensing Bd. of Worcester, 389 Mass. 454, 462 (1983).
ORDER
For the foregoing reasons, it is therefore ORDERED that plaintiffs motion for judgment on the pleadings is denied and defendants’ motions for judgment on the pleadings are allowed. Judgment shall enter AFFIRMING the decision of the Massachusetts State Police, Division of Administrative Services, denying renewal of plaintiffs firearms dealer’s license.

 In Sullivan v. Reilly, Suffolk Sup.Ct. Civ. Action No. 2000-0446H, Sullivan and other firearms dealers sought declaratory and injunctive relief asserting that the home sales prohibition deprived them of equal protection and due process rights and that G.L.c. 140, §123, as amended, was unconstitutionally vague. In a decision dated May 24, 2000 [12 Mass. L. Rptr. 184], this Court (Lopez, J.) rejected the dealers’ constitutional challenges to the validity of the home sales prohibition, but ruled that license holders were entitled to notice and a hearing before their licenses were taken for failure to comply with the statute. The sole issue before this Court is the validity of the decision of the Massachusetts State Police affirming the Pembroke- Police Chiefs decision not to renew Sullivan’s license under G.L.c. 30A, §14.

 On October 29, 1999, the Attorney General for the Commonwealth of Massachusetts sent a letter to all Massachusetts police chiefs requesting that they review outstanding firearms dealer licenses issued by their departments to ensure that the licenses were in compliance with the home sales provision of the Massachusetts Gun Control Act of 1998. In this letter, the Attorney General explained that G.L.c. 140, §123, condition Fifteenth expressly requires firearms dealers to maintain a place of business that is neither a dwelling nor a residence. Plaintiff places great emphasis on this letter challenging, inter alia, the Attorney General’s authority to send such advisory letters to local police chiefs. Suffice it to say that the letter is wholly irrelevant to the issue presented by this appeal.