# United States Court of Appeals
## For the First Circuit

No. 12-2306

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT ANDERSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

Joseph A. Franco for appellant.
Carmen M. Ortiz, United States Attorney, and Mark T. Quinlivan, Assistant United States Attorney, for appellee.

March 19, 2014

**KAYATTA, Circuit Judge**.  Robert Anderson appeals his sentence, imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), following his guilty plea on two counts of possession of a firearm and ammunition by a convicted felon, id. § 922(g)(1).  The correctness of the district court's application of ACCA turns on whether at least three crimes for which Anderson was previously convicted were "violent felonies" as that term is defined in ACCA's residual clause.  See id. § 924(e)(1).[1]  The district court determined that four prior convictions qualified as violent felonies:  (1) a 2003 conviction for assault and battery on a police officer; (2) a 2004 conviction for assault and battery; (3) a 2004 conviction for assault to maim; and (4) a 2006 conviction for assault and battery on a court officer.[2]  Based on this determination, the district court sentenced Anderson to 180 months' imprisonment, the mandatory minimum for an individual deemed an armed career criminal under ACCA.  Anderson appealed, challenging the district court's

---

[1]  ACCA defines a "violent felony" as any "crime punishable by imprisonment for a term exceeding one year" that either "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  The clause following the enumerated crimes is generally referred to as the residual clause. E.g., James v. United States, 550 U.S. 192, 202 (2007).

[2]  This list excludes other counts for which Anderson was convicted but which the parties do not suggest add to the number of candidates for classification as additional violent felonies.

classification of his 2004 conviction for assault and battery and his 2006 conviction for assault and battery on a court officer as violent felonies.

While this appeal was pending, the U.S. Supreme Court decided Descamps v. United States, 133 S. Ct. 2276 (2013).  After we requested supplemental briefing on the effect of that decision, the government disclaimed any continuing reliance on Anderson's 2004 conviction for assault and battery as a violent felony under ACCA.[3]  Our review of Anderson's sentence therefore turns on our assessment of the arguments he makes for finding that his 2006 conviction for assault and battery on a court officer was not a conviction for a violent felony under ACCA.  For the following reasons, we reject those arguments and affirm Anderson's sentence.

## I. Facts

On January 20, 2010, a cooperating witness working with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") purchased a .380 Beretta pistol and 12 rounds of .380 caliber ammunition from Anderson for $375.  Later, on March 23, 2010, the same cooperating witness purchased a 9 millimeter Ruger pistol and 12 rounds of 9 millimeter caliber ammunition from

---

[3]  The government based its disclaimer not on Descamps, but on its newfound conclusion that the transcript of the plea colloquy giving rise to the conviction--a document that was available to it throughout the course of this prosecution--was "equivocal as to whether Anderson only admitted to committing the harmful battery form of the crime."

Anderson for $750.  On May 6, 2010, Anderson was arrested on a separate charge and, after waiving his Miranda rights, admitted to having sold the firearms and ammunition.  He was charged with two counts of possession of a firearm and ammunition by a convicted felon, see 18 U.S.C. § 922(g)(1), and, on June 5, 2012, pled guilty on both counts.

At sentencing, Anderson raised two arguments in support of the contention that the (now-pivotal) 2006 conviction for assault and battery on a court officer was not a violent felony under ACCA.  First, he argued that the crime of assault and battery on a court officer poses a "substantially lesser degree of risk," and is not similar in kind, to the offenses enumerated in ACCA. Cf. Begay v. United States, 553 U.S. 137, 139-48 (2008).  Second, he argued that the residual clause is unconstitutionally vague.

The district court rejected both of Anderson's arguments, finding ACCA constitutional and finding that assault and battery on a court officer qualifies as a violent felony under the residual clause.  Anderson filed this timely appeal, raising in his brief the same two arguments that he raised in the district court. Because each presents a question of law, see United States v. Hart, 674 F.3d 33, 40-42 & n.3 (1st Cir. 2012), our review is de novo.

## II. Analysis

Massachusetts law criminalizes assault and battery "upon any public employee."  Mass. Gen. Laws ch. 265, § 13D.[4]  Under Massachusetts law, assault and battery takes three forms: harmful assault and battery, reckless assault and battery, and offensive assault and battery.  Commonwealth v. Colon, 81 Mass. App. Ct. 8, 20-22 (2011).  Harmful battery is "[a]ny touching with such violence that bodily harm is likely to result," see Commonwealth v. Burke, 390 Mass. 480, 482 (1983) (internal quotation marks omitted); reckless battery is a "wilful, wanton, and reckless act resulting in personal injury to another," see Colon, 81 Mass. App. Ct. at 20 (internal quotation marks and alterations omitted); and offensive battery is a touching, without consent, that constitutes an "affront to the victim's personal integrity," Burke, 390 Mass. at 483.

In addition to specifying these basic elements, Massachusetts law provides in a separate "charging" statute for a charge of assault and battery against a particular type of person,

---

[4]  Entitled "Assault and battery upon public employees; penalty", Section 13D states in full:

> Whoever commits an assault and battery upon any public employee when such person is engaged in the performance of his duties at the time of such assault and battery, shall be punished by imprisonment for not less than ninety days nor more than two and one-half years in a house of correction or by a fine of not less than five hundred nor more than five thousand dollars.

such as a police officer.  Mass. Gen. Laws ch. 277, § 79.  Proof in a case in which such a charge is made "requires that the defendant know that the [public employee] is of a certain type."  See Commonwealth v. Deschaine, 77 Mass. App. Ct. 506, 514 (2010) (emphasis in original); see also United States v. Dancy, 640 F.3d 455, 468 (1st Cir. 2011) (observing that assault and battery on a police officer "has additional elements that [assault and battery] does not: (1) the person assaulted must be a police officer, (2) the officer must be engaged in his or her official duties, and also (3) the defendant must know the victim of the assault and battery is a police officer engaged in performance of his or her duties").

In accordance with this general framework, Anderson's presentence report noted that the criminal complaint giving rise to his earlier conviction had specified that Anderson "did assault and beat Stephen Joseph, a Court Officer who was then engaged in the performance of his or her duties, in violation of G.L. c.265, § 13D."  Neither the prosecution nor Anderson challenged the accuracy of that description.  Nor did Anderson challenge the district court's ability to rely on that description as defining the offense for which Anderson was convicted in 2006.  Rather, Anderson trained his argument on challenging ACCA as vague and on contesting whether assault and battery on a court officer was a violent felony.  We address these two preserved arguments.

**A.    ACCA is not void for vagueness.**

Anderson argues that ACCA's residual clause is unconstitutionally vague.  He acknowledges, however, that the Supreme Court has concluded that the clause "states an intelligible principle" and was "within congressional power to enact."  See Sykes v. United States, 131 S. Ct. 2267, 2277 (2011) (citing Chicago v. Morales, 527 U.S. 41, 58 (1999)).  Though he contends that the Supreme Court's statement was dictum,[5] Anderson neither takes account of the fact that we have consistently adhered to it, see, e.g., United States v. Mouscardy, 722 F.3d 68, 78 n.4 (1st Cir. 2013), nor offers us cause to revisit our precedent.  We are thus bound to reject his challenge.

**B.    Assault and battery on a court officer qualifies as a violent felony under ACCA.**

This brings us to Anderson's contention that the district court erred in determining that assault and battery on a court officer constitutes a violent felony under ACCA's residual clause.  See 18 U.S.C. 924(e), (e)(2)(B)(ii) (defining "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a

---

[5]    But see generally United States v. Santana, 6 F.3d 1, 9 (1st Cir. 1993) ("Carefully considered statements of the Supreme Court, even if technically dictum, must be accorded great weight and should be treated as authoritative . . . .").

serious potential risk of physical injury to another").[6]  The

district court based its determination primarily on two of our

precedents, United States v. Dancy, 640 F.3d 455 (1st Cir. 2011),

and United States v. Jonas, 689 F.3d 83 (1st Cir. 2012).  In Dancy,

we held that assault and battery on a police officer--a crime that,

like assault and battery on a court officer, falls under Mass. Gen.

Laws ch. 265, § 13D--is a violent felony for ACCA purposes.  640

F.3d at 467-71.  In Jonas, we relied heavily on Dancy to hold that

assault and battery on a corrections officer constitutes a "crime

of violence" under the career offender provision of the United

States Sentencing Guidelines, § 4B1.2(a)(1), a provision almost

identical to the one that defines the term "violent felony" under

ACCA.  689 F.3d at 87-89; see also United States v. Willings, 588

F.3d 56, 58 n.2 (1st Cir. 2009) ("[T]he terms 'crime of violence'

under the career offender guidelines and 'violent felony' under the

ACCA are nearly identical in meaning, so that decisions construing

one term inform the construction of the other.").  The district

court determined that those cases could not be meaningfully

distinguished, and we agree.

       To qualify as a violent felony under the residual clause,

an offense must "(1) pose a degree of risk that is similar to the

degree of risk posed by the enumerated offenses, and (2) be roughly

---

[6]  Though there are other ways an offense may qualify as a
violent felony, see supra note 1, the government focuses our
attention only on the residual clause.

similar in kind to the enumerated crimes." Dancy, 640 F.3d at 466. With respect to degree of risk, "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." James v. United States, 550 U.S. 192, 208 (2007).

What has been labeled the "risk prong" of ACCA's residual clause, see United States v. Fish, No. 12-1791, 2014 WL 715785, at *2-12 (1st Cir. Feb. 26, 2014), requires that we assess whether the offense of conviction--here, the 2006 conviction for assault and battery on a court officer--"involves conduct that presents a serious potential risk of physical injury to another," see 18 U.S.C. § 924(e)(2)(B)(ii). Application of that test to Anderson's conviction for assault and battery on a court officer is straightforward. Both reckless and harmful assault and battery satisfy the inquiry by their very definitions: reckless battery explicitly requires that injury result, Colon, 81 Mass. App. Ct. at 20, and harmful battery requires at least a "likelihood" of injury, see Burke, 390 Mass. at 482. See generally James v. United States, 550 U.S. 192, 207-08 (2007) (referring to "potential" and "risk," as those terms are used in ACCA, as "inherently probabilistic concepts" whose combination "suggests that Congress intended to encompass possibilities even more contingent or remote than a simple 'risk,' much less a certainty"). The "offensive touching" form of the offense is, of course, distinct from the other forms in

that it does not explicitly require injury or a risk of injury. But Dancy's core rationale applies squarely to that form of the crime: the offense "requires purposeful and unwelcomed contact with a person the defendant knows to be a law enforcement officer actually engaged in the performance of official duties." 640 F.3d at 469 (quoting United States v. Fernandez, 121 F.3d 777, 780 (1st Cir. 1997)). With Dancy as our backdrop, we think it practically self-evident that such conduct, when it involves court officers, presents the requisite risk of injury. See generally Mass. Gen. Laws ch. 221, § 70A ("Court officers and those authorized to act as court officers within the judicial branch may perform police duties and have police powers in or about the areas of the court to which they have been assigned . . . .").

To find that assault and battery on a court officer qualifies as a violent felony under the residual clause, we must also find that, like the crimes enumerated in 18 U.S.C. § 924(e)(2)(B)(ii), it "typically" involves "purposeful, violent, and aggressive" conduct. See Begay v. United States, 553 U.S. 137, 144-45 (2008). Anderson argues that because the offense can be committed recklessly, assault and battery on a court officer does not typically involve such conduct. Cf. United States v. Holloway, 630 F.3d 252, 262 (1st Cir. 2011) ("[B]ecause the Massachusetts simple assault and battery statute covers multiple offenses, at least one of which, reckless battery, is categorically not a

violent felony, a court may only rely on an assault and battery conviction if it can ascertain that the defendant was convicted of the violent form . . . ."). But we encountered the very same argument in both Dancy and Jonas, and we concluded that assault and battery on the categories of law enforcement officers there at issue would typically involve precisely the sort of conduct that the Begay inquiry requires. Dancy, 640 F.3d at 469; Jonas, 689 F.3d at 89 ("As in [assault and battery on a police officer], the additional elements of [assault and battery on a corrections officer]--that the victim was a correctional officer, that he was acting in an official capacity, and the defendant knew as much-- ensure that purposeful conduct is the norm." (internal quotation marks omitted)). As Anderson offers no convincing distinction between this case and Dancy, we cannot conclude that the district court erred.[7]

## C.        Defining the crime of conviction

In his supplemental brief, Anderson alludes cryptically to the possibility that under Descamps v. United States, 133 S. Ct. 2276 (2013), the statute under which he was convicted is indivisibly overbroad in that it does not specifically enumerate

---

[7] Though Anderson argues that this case is distinguishable from Dancy and Jonas on the ground that court officers "are unarmed," neither Dancy nor Jonas turned on the assumption, implicit in Anderson's argument, that police officers and corrections officers unfailingly carry weapons. Nor does either case exclude harm to the officer from the scope of injuries to be considered.

different categories of public employees.[8] This argument might, if accepted, affect our ability to rely on Dancy and Jonas.

Anderson did not, however, raise this argument in the district court, and for that reason alone it is forfeited and would at best be reviewed for plain error if preserved on appeal. "The plain error hurdle is high," see United States v. Padilla, 415 F.3d 211, 218-19 (1st Cir. 2005) (en banc) (quoting United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989)), especially in this area of considerable complexity, see generally United States v. Fish, No. 12-1791, 2014 WL 715785, at *2-12 (1st Cir. Feb. 26, 2014). What's more, Anderson did not raise the argument in his opening brief, thus waiving it entirely. See Igartúa v. United States, 626 F.3d 592, 603 (1st Cir. 2010) ("Plain error review may be available for forfeited arguments, but it is seldom available for claims neither raised below nor on appeal."). While we may exercise our discretion to address such arguments when they become available only as a result of intervening changes in law, see United States v. Vazquez-Rivera, 407 F.3d 476, 487 (1st Cir. 2005), even Anderson's supplemental brief fails to develop the argument. Cf. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by

---

[8] In particular, Anderson argues that Section 13D criminalizes assault and battery upon "any public employee" and is thus "devoid of any limitations as to the type of public employee covered by the statute or the circumstances under which the assault and battery occurred."

some effort at developed argumentation, are deemed waived.").  In these circumstances, we will not excuse forfeiture and waiver simply so that we can assemble and evaluate on our own arguments that are not obviously correct and that Anderson's counsel did not develop himself.[9]

### III. Conclusion

For the reasons set forth above, Anderson's sentence is affirmed.

---

[9] There is some particular rough justice in such a finding here, where repeated waiver would have been relatively unlikely if Anderson--who presumably knew the identity of the person he assaulted--had not assaulted a court officer.  Moreover, any argument that Anderson might make from Descamps would have to contend with the role that the Massachusetts charging statute, Mass. Gen. Laws ch. 277, § 79, might play in narrowing his offense of conviction.  See Commonwealth v. Deschaine, 77 Mass. App. Ct. 506, 514 (2010).