# SUPREME COURT OF THE UNITED STATES

## PATRICK HENRY JOSEPH, PETITIONER *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 13–10639.   Decided December 1, 2014

The petition for a writ of certiorari is denied. JUSTICE KENNEDY and JUSTICE SOTOMAYOR would grant the petition for a writ of certiorari.

Statement of JUSTICE KAGAN, with whom JUSTICE GINSBURG and JUSTICE BREYER join, respecting the denial of certiorari.

The courts of appeals have wide discretion to adopt and apply "procedural rules governing the management of litigation." *Thomas* v. *Arn*, 474 U. S. 140, 146 (1985). But that discretion is not unlimited. Procedural rules of course must yield to constitutional and statutory requirements. *Id.,* at 148. And more to the point here, those rules, along with their application to particular cases, must "represent reasoned exercises of the courts' authority." *Ortega-Rodriguez* v. *United States*, 507 U. S. 234, 244 (1993). That is not a high bar, but it is an important one.

Petitioner Patrick Joseph asks us to review the Eleventh Circuit's application of a rule providing that issues not raised in an opening appellate brief are forfeited, and so may not be raised in subsequent filings. See Order in No. 12–16167 (July 8, 2013), App. 6 to Pet. for Cert. (citing *United States* v. *Hembree*, 381 F. 3d 1109 (CA11 2004)). In the usual case, that rule (which all the federal courts of appeals employ) makes excellent sense: It ensures that opposing parties will have notice of every issue in an appeal, and that neither they nor reviewing courts will incur needless costs from eleventh-hour changes of course.

But this is not the usual case. Joseph took an appeal to

the Eleventh Circuit after he was convicted of several drug offenses and sentenced as a career offender under the Sentencing Guidelines.  At the time Joseph filed his opening brief, Eleventh Circuit precedent precluded the argument that he did not properly qualify as a career offender. See *United States* v. *Rainer*, 616 F. 3d 1212, 1215–1216 (2010).  Soon after his filing, however, this Court decided *Descamps* v. *United States*, 570 U. S. ___ (2013), which made clear that the relevant Circuit precedent was "no longer good law," *United States* v. *Howard*, 742 F. 3d 1334, 1345 (2014).  Five days later (which was still nine days before the Government's brief came due), Joseph moved to file a replacement brief relying on *Descamps* to challenge his classification as a career offender.  (He acknowledged that because he had failed to raise the *Descamps* claim at trial, it would be reviewable for plain error.)  The Government did not oppose the motion, asking only for additional time to file its own brief.  The Eleventh Circuit nonetheless refused to accept Joseph's filing.

Not a single other court of appeals would have done that.  See *United States* v. *Vanorden*, 414 F. 3d 1321, 1324 (CA11 2005) (Tjoflat, J., specially concurring) (noting that the Eleventh Circuit's rule is "inconsistent with . . . the law of every other circuit").  Every circuit, save the Eleventh, accepts supplemental or substitute briefs as a matter of course when this Court issues a decision that upsets precedent relevant to a pending case and thereby provides an appellant with a new theory or claim.  See, *e.g., United States* v. *Anderson*, 745 F. 3d 593, 594, 598 (CA1 2014) (*Descamps* claim); *United States* v. *Clark*, 28 Fed. Appx. 34, 35 (CA2 2001); *United States* v. *Blair*, 734 F. 3d 218, 223 (CA3 2013) (*Descamps* claim); *United States* v. *Musleh*, 106 Fed. Appx. 850, 857, n. 4 (CA4 2004); *United States* v. *Delgado*, 256 F. 3d 264, 280 (CA5 2001); *United States* v. *Mitchell*, 743 F. 3d 1054, 1063 (CA6 2014) (*Descamps* claim); *United States* v. *Askew*, 403 F. 3d 496,

509 (CA7 2005); *United States* v. *Bankhead*, 746 F. 3d 323, 325 (CA8 2014) (*Descamps* claim); *United States* v. *Cabrera-Guiterrez*, 756 F. 3d 1125, 1127 (CA9 2013) (*Descamps* claim); *United States* v. *Clifton*, 406 F. 3d 1173, 1175, n. 1 (CA10 2005); *United States* v. *Coumaris*, 399 F. 3d 343, 347 (CADC 2005). Indeed, each considers such briefs even when submitted later in the appellate process than Joseph tried to file his. See, *e.g., Cabrera-Guiterrez*, 756 F. 3d, at 1127 (after argument); *Blair*, 734 F. 3d, at 223 (after full briefing). And as the above citations show, the circuit courts—once again, bar the Eleventh—have routinely followed that practice in the wake of *Descamps*.

There is good reason for this near-unanimity. When a new claim is based on an intervening Supreme Court decision—as Joseph's is on *Descamps*—the failure to raise the claim in an opening brief reflects not a lack of diligence, but merely a want of clairvoyance. Relying on that misprediction alone to deny relief to an appellant like Joseph while granting it to the defendant in *Descamps* ill-fits with the principle, animating our criminal retroactivity law, of "treating similarly situated defendants the same." *Griffith* v. *Kentucky*, 479 U. S. 314, 323, 328 (1987) (holding that new rules "appl[y] retroactively to all cases . . . pending on direct review"). And indeed, insisting on preservation of claims in this context forces every appellant to raise "claims that are squarely foreclosed by circuit and [even] Supreme Court precedent on the off chance that [a new] decision will make them suddenly viable." *Vanorden*, 414 F. 3d, at 1324 (Tjoflat, J., specially concurring). That is an odd result for a procedural rule designed in part to promote judicial economy.

Perhaps for such reasons, even the Eleventh Circuit does not apply its default rule consistently when this Court hands down a new decision. Sometimes, as here, the court views its rule as pertaining "uniformly and equally to all cases," so that a panel becomes simply "un-

able to entertain" any claim not raised in an initial brief. *United States* v. *Bordon*, 421 F. 3d 1202, 1206, n. 1 (2005). But other times, the court abandons the rule without explanation—including, at least twice, for *Descamps* claims. See, *e.g., United States* v. *Ramirez-Flores*, 743 F. 3d 816, 820 (2014) (addressing a *Descamps* claim raised "for the first time at oral argument"); *United States* v. *Estrella*, 758 F. 3d 1239 (2014) (addressing a *Descamps* claim raised first in a Rule 28(j) letter after all briefs were filed); *United States* v. *Levy*, 379 F. 3d 1241, 1244–1245 (2004) (*per curiam*) (acknowledging "a few decisions where this Court apparently considered a new issue raised in a supplemental brief"). Thus, criminal defendants with unpreserved new claims may be treated differently *within* the Eleventh Circuit, just as they are as between the Eleventh Circuit and every other court of appeals.

I nonetheless agree with the Court's decision today to deny certiorari. We do not often review the circuit courts' procedural rules. And we usually allow the courts of appeals to clean up intra-circuit divisions on their own, in part because their doing so may eliminate any conflict with other courts of appeals. For those combined reasons, I favor deferring, for now, to the Eleventh Circuit, in the hope that it will reconsider whether its current practice amounts to a "reasoned exercise[ ]" of its authority. *Ortega-Rodriguez*, 507 U. S., at 244.