Following a jury-waived trial in District Court, the defendant was convicted of assault and battery on a correctional facility employee. On appeal, he challenges the sufficiency of the evidence. We affirm.
Background. At the time of the incident, the defendant was an inmate at the Plymouth County Correctional Facility (facility). On November 27, 2015, the defendant, together with other inmates, staged a protest by refusing to enter their cells.[2] After correctional officers responded to the protest, the other inmates relented, one by one, leaving only the defendant in the common area. According to the testimony of two of the correctional officers who sought to escort the defendant back to his cell, the defendant punched one of them in the face with his fist.
During the direct testimony of the first officer, the Commonwealth offered in evidence a video recording of the incident made by the facility's closed circuit surveillance system.[3] Both officers were shown the video recording, and were questioned about its contents. They both acknowledged that what the video recording appeared to show was somewhat at odds with their initial testimony about the specifics of how the incident unfolded, and they accordingly modified their testimony in some respects. For example, both officers initially testified that the altercation with the defendant had occurred a considerable distance from his cell, but once shown the video footage, they acknowledged that the incident occurred at the cell door's threshold.
While the recording confirms the officers' testimony that the defendant initially cooperated with their direct request that he go back to his cell, they testified that he then resisted completing the task. According to them, at that point an order was given to take the defendant to the ground, and the defendant threw his punch before the order fully was executed. Because of the lighting at the threshold of the cell and other factors, it is difficult for a viewer of the video recording to make out exactly what took place there. At one point, the defendant can be seen rapidly exiting the cell, although it is not clear from the recording itself whether he did this on his own or was being pushed or pulled from the cell. The video then shows several officers tackling, scuffling with, and restraining the defendant outside of the cell. The officers made no claim in their testimony that the recording itself showed the defendant throwing a punch, but they both continued to maintain that this occurred.
The defendant testified that he was cooperatively returning to his cell and never threw a punch. According to him, the officers began assaulting him because he was "talking trash." In his closing, defense counsel argued that the video recording conclusively demonstrated that the incident could not have unfolded as the officers maintained and that it failed to show that any punch occurred. As revealed by comments he made from the bench, the judge ultimately found the video recording "unhelpful," and he credited the officers' testimony that the defendant struck one of them with his fist.
Discussion. The officers' testimony that the defendant punched one of them, if credited, plainly was sufficient to establish the elements of assault and battery on an employee of a correctional facility. See Commonwealth v. Burke, 390 Mass. 480, 482-483 (1983) (setting forth elements of assault and battery). Moreover, as the defendant acknowledges, "making judgments about witness credibility and the weight of witness testimony is the function of the [fact finder]." Commonwealth v. Celester, 473 Mass. 553, 562 (2016). Nevertheless, the defendant maintains that this is an instance where "an appellate court is in a position equal to that of the [fact finder] to consider" exculpatory evidence "in the form of documents, photographs, or other physically-verifiable items." Commonwealth v. Vaughn, 23 Mass. App. Ct. 40, 43 (1986). However, for us to override the judge's credibility determinations based on the video recording, we would have to determine that its exculpatory value was "so overwhelming that no rational [fact finder] could conclude that the defendant was guilty." Commonwealth v. O'Laughlin, 446 Mass. 188, 204 (2006). As we cannot draw that conclusion, we are constrained to affirm.
Certainly, the video recording provided the defendant extensive fodder for cross-examination and argument. Indeed, even after the officers corrected their testimony once they were shown the recording, it remains difficult to square their testimony about exactly how the incident unfolded with what the footage appears to show. At the same time, however, whether the officers' stated recollection of the events is accurate in all respects is not itself determinative. Rather, the key issue is whether the video recording provided "overwhelming" evidence that precluded the judge from crediting the officers' testimony that the defendant struck one of them in the face.[4] As noted, little can be discerned from the video recording regarding the climactic events that occurred at the threshold of the defendant's cell. Therefore, to the extent that the defendant asks us to draw our own conclusions regarding what the video recording shows, "[t]his does not aid his cause."[5] Commonwealth v. Caruso, 85 Mass. App. Ct. 24, 34 n.13 (2014).
In sum, the video recording-when viewed on its own or together with the defendant's testimony and any other evidence in the defendant's favor-does not provide such overwhelming proof that the punch never occurred as to preclude the judge from crediting the officers' testimony that it did. Viewing the evidence in the light most favorable to the Commonwealth, we conclude that the judge could find, beyond a reasonable doubt, that the Commonwealth proved the elements of assault and battery on an employee of a correctional facility. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).
Judgment affirmed.

According to the defendant's testimony, the inmates were protesting the lack of running water at the facility that day.

The exhibit was not included in the appellate record, but we requested it from the District Court. The court informed us that the exhibit had been lost, but it provided a copy of a video recording that the Department of Correction had provided to the Commonwealth. The parties have stipulated that the relevant portion of what was provided to us is the same as what the judge saw.

The defense was that the defendant never punched the officer, not that the punch somehow was justified. The details of exactly how the altercation unfolded are therefore of limited relevance.

In fact, although not mentioned by either party, the video recording appears to show a punch being thrown while the defendant is being taken to the ground outside of his cell. It is difficult to discern from the melee shown on the recording whether it was the defendant or one of the officers who threw that punch.