NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1056

COMMONWEALTH

vs.

WILLIAM HURCOMBE, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial, the defendant was convicted of assault and battery on a household or family member, indecent assault and battery, and larceny under $250.  He was acquitted of rape and witness intimidation.  On appeal, he challenges only his conviction for indecent assault and battery on the basis that the jury were not instructed on an essential element of that crime.  We affirm his convictions of assault and battery and larceny, reverse his conviction of indecent assault and battery, and remand the case for further proceedings.

The only issue before us on this appeal involves a conceded error.  One of the elements of indecent assault and battery is lack of consent.  See, e.g., G. L. c. 268, § 13H; Commonwealth v. St. Louis, 473 Mass. 350, 360-361 (2015); Commonwealth v. Burke, 390 Mass. 480, 482-483 (1983).  The judge, however, left

this element out of his instruction on that charge.  Neither party objected.  Because the defendant did not object to the lack of an instruction on consent, reversal will be warranted only if the error created a substantial risk of a miscarriage of justice.  See Commonwealth v. Desiderio, 491 Mass. 809, 815 (2023).

In Desiderio, decided during the pendency of this appeal, the Supreme Judicial Court clarified the standard for determining when the omission of an instruction on an element of an offense will create a substantial risk of a miscarriage of justice.  It said that because "on appeal, 'our role is not to sit as a second jury,' . . . we must analyze the evidence pertaining to that element with an exacting lens."  Desiderio, supra at 817, quoting Commonwealth v. Azar, 435 Mass. 675, 689 (2002).  It continued, "We therefore clarify today that, to determine whether a substantial risk of a miscarriage of justice is created by the omission of a required element from the jury instructions, the question is, as we said in Azar, supra [at 688], whether the presence of the omitted element was an ineluctable, or inescapable, inference from the evidence presented at trial.  In light of the nature and significance of this type of error, only when the answer to that question is 'yes,' in this context, will the error not create a substantial risk of a miscarriage of justice."  Desiderio, supra at 820.

Here, the answer to that question is a straightforward "no." The defendant contested the victim's version of events, and it was not an inescapable conclusion from the evidence at trial that the defendant touched the victim's breast without her consent. The guilty verdict on the charge of indecent assault and battery does mean that the jury credited the victim's testimony that the defendant touched her breast. But on the one count on which the jury was instructed that lack of consent was an element, the jury rejected the victim's claim of digital rape and acquitted the defendant. We do not know why. Perhaps the jurors concluded that digital penetration did not take place. Or perhaps they concluded that it did, but that it was consensual, and properly instructed on the elements of rape, they acquitted the defendant. With no instruction that an indecent assault and battery must also be without the victim's consent, it is possible that the jury convicted the defendant based on a consensual touching.

The Commonwealth argues that there was no substantial risk of a miscarriage of justice because "[t]he element of consent was not a contested issue at trial" and because "the evidence on the omitted element of consent was overwhelming." To be sure, the substantial risk test "contemplates whether the evidence addressing the omitted or erroneously stated element was overwhelming or uncontested at trial." Desiderio, 491 Mass. at

3

817-818. As to whether an issue is contested, however, our case law explains that the actual "question is whether the element on which there was no instruction 'relate[s] to an issue actively contested at trial' (emphasis added), Commonwealth v. Gabbidon, 398 Mass. 1, 5 (1986), such that a defendant might have been acquitted by a properly instructed jury." Commonwealth v. Mitchell, 95 Mass. App. Ct. 406, 414 (2019). The defendant did contest whether there had been any kind of struggle between the defendant and the victim. Given this, and in light of the jury acquitting the defendant of the digital rape the victim claimed had occurred, it is possible that if properly instructed on consent, the jury might have acquitted him of that crime as well.

Similarly, as to whether the evidence was overwhelming, "our assessment of the strength of the Commonwealth's evidence must focus on the evidence addressing the [omitted] element." Desiderio, 491 Mass. at 819. This is consistent with our statement in Mitchell, decided before Desiderio, that we may affirm a conviction in these circumstances if "the jury's verdicts on the other counts on which the defendant was convicted compel the conclusion they 'necessarily found' the element on which they were not instructed." Mitchell, 95 Mass. App. Ct. at 412, quoting Commonwealth v. McCray, 93 Mass. App. Ct. 835, 847 (2018). We do not think the evidence or the jury's

4

verdict showed that the jury necessarily found that the defendant touched the victim's breast without consent. The jury obviously did not completely believe the victim's or the defendant's story, and there is at least a possibility they could have found that there was some consensual sexual contact prior to the events for which they convicted the defendant of assault and battery on a household or family member. In other words, "[w]hile the evidence . . . may have been sufficient for the jury" to find that the defendant touched the victim's breast without her consent, such a finding was "hardly ineluctable." Desiderio, 491 Mass. at 822-823.

The convictions of assault and battery on a family member and larceny under $250 are affirmed, the conviction on indecent assault and battery is reversed, and the case is remanded for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Green, C.J.,
  Rubin & Massing, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  July 28, 2023.

---

[1] The panelists are listed in order of seniority.